WGB/lmm/#1462648                                                                6975-06008

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| WILLIAM JARRETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:06-cv-03143-RM-BGC |
| | ) | |
| FORTIS INSURANCE COMPANY, | ) | Judge Richard Mills |
| | ) | Magistrate Judge Byron G. Cudmore |
| Defendant. | ) | |

### ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM FOR DECLARATORY JUDGMENT

NOW COMES the defendant, Time Insurance Company f/k/a Fortis Insurance Company, by and through its attorney, William G. Beatty; Johnson & Bell Ltd., of counsel, and for its answer, affirmative defenses and counterclaim for declaratory judgment, here states as follows:

### Answers to Allegations Common to All Counts

1.   Upon information and belief, this defendant admits the allegations set forth in paragraph 1.

2.   Upon information and belief, this defendant admits the allegations set forth in paragraph 2.

3.   This defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 3.

4.   This defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 4.

5.   This defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 5 regarding the plaintiff being solicited by

Deborah Loveless for the purpose of selling the plaintiff medical insurance coverage. Further answering, this defendant denies that Deborah Loveless was an "agent" of the defendant, stating instead, upon information and belief, that Deborah Loveless was acting in the capacity of a broker on behalf of the plaintiff at all times relevant to this matter. Further answering, this defendant admits only that plaintiff completed and submitted to the defendant an Enrollment Form for Medical Insurance for Individuals and Families, and that a copy of said form, in redacted version, is attached as Exhibit A to the plaintiff's Complaint.

6.    This defendant admits only that as part of the process to enroll for coverage with the defendant, the plaintiff was required to answer certain questions regarding his health history, including the questions set forth in paragraph 6 of the plaintiff's Complaint. Further answering, defendant states that regardless of whether the plaintiff truthfully answered the health history question referenced in paragraph 6 of the plaintiff's Complaint, plaintiff is not entitled to the benefits he seeks in his Complaint from the defendant insofar as the heart condition for which the plaintiff obtained treatment, and the costs for which he seeks benefits in his Complaint, constitutes a pre-existing condition under the terms of the plaintiff's Medical Certificate as issued by the defendant, and is thereby excluded from coverage for the reasons more fully set forth in defendant's first affirmative defense.

7.    This defendant admits only that the enrollment process which plaintiff underwent did not require him to submit to a physical examination in plaintiff's case. Further answering, the defendant admits that plaintiff's spouse was to be an additional insured pursuant to the coverage issued to the plaintiff by the defendant, and as such, plaintiff's spouse also provided information concerning her prior medical history.

8.  This defendant admits only to having issued to the plaintiff and to his spouse a certain Medical Certificate bearing Number 0058353015, having an effective coverage date of January 15, 2005. Further answering, this defendant admits that the aforementioned Medical Certificate excluded coverage for certain conditions of the plaintiff's spouse, pursuant to the terms of a Special Exception Rider attached to said certificate, being Exhibit B to the plaintiff's Complaint, but as to the exclusions applicable to the plaintiff, denies the plaintiff's allegation that the certificate did not contain any exclusions pertaining to the plaintiff insofar as the certificate contained an express exclusion of coverage for pre-existing conditions, along with several other exclusions.

9.  This defendant admits only that on January 21, 2005, while the plaintiff's medical coverage with the defendant was in effect, the plaintiff presented to the emergency room at St. John's Hospital in Springfield, Illinois, with complaints of chest pain radiating into his shoulders, but further answering, states that said complaint was characterized by the plaintiff's physicians, pursuant to the medical history related to them by the plaintiff, as being similar to a condition experienced by the plaintiff three to four months prior to his emergency room visit.

10. Upon information and belief, this defendant admits the allegations set forth in paragraph 10.

11. This defendant admits only that as a result of the care and treatment which the plaintiff received for his cardiac condition, he incurred certain charges, but further answering, this defendant expressly denies any and all liability for any of said charges.

12. This defendant admits only that following plaintiff's submission of his medical bills to the defendant, the defendant denied the plaintiff's claims on the basis of the pre-existing condition exclusion as set forth in the plaintiff's Medical Certificate. Further answering, this

defendant expressly denies any allegations that the payment of such expenses was an "obligation" of the defendant, as is claimed in paragraph 12 of plaintiff's Complaint.

13.  This defendant admits only to having authored and sent the correspondence dated June 20, 2005, a copy of which is marked as Exhibit C to plaintiff's Complaint. Further answering, this defendant states that it may have incorrectly stated in said letter that the plaintiff had received treatment for the conditions in question prior to the effective date of his coverage with the defendant.

14.  This defendants admits to having authored the correspondence dated August 1, 2005, a copy of which is marked as Exhibit D to the plaintiff's Complaint, and to having sent said correspondence to the plaintiff. This defendant further admits that it advised the plaintiff that based upon the information contained in his medical records that it became apparent, upon defendant's review of said records, that the condition for which the plaintiff had been treated between January 21, 2005 and May 31, 2005 preexisted the plaintiff's effective date of coverage in that it had produced symptoms within the 12 months prior to the plaintiff's effective date of coverage that would have caused an ordinarily prudent person to seek medical diagnosis or treatment.

15.  This defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 15, but further answering, this defendant affirmatively states that upon information and belief, plaintiff experienced symptoms of his cardiac condition within the 12 months prior to his effective date of coverage that would have caused an ordinarily prudent person to seek medical diagnosis or treatment.

16.  This defendant admits only that it declined payment of the plaintiff's claims for the costs of treatment of his cardiac condition for which the plaintiff was hospitalized beginning

on January 21, 2005, stating further that defendant has denied and continues to deny coverage for said condition, and for the costs of treatment associated therewith, based upon the pre-existing condition exclusion as more fully set forth in defendant's first affirmative defense to plaintiff's Complaint.

### Count I

1-16.    This defendant here repeats and re-alleges its answers to paragraphs 1 through 16 of the Allegations Common to All Counts as its answers to paragraphs 1 through 16 of Count I of the plaintiff's Complaint as though fully set forth herein.

17.    This defendant admits only that an actual controversy exists between the parties. Further answering, this defendant admits that defendant's position is that the medical expenses incurred by the plaintiff as a result of the treatment of his cardiac condition are not covered under the terms of the plaintiff's Certificate of Medical Insurance insofar as said expenses were incurred in the treatment of a pre-existing condition which is excluded from coverage under the terms of the plaintiff's insurance.  Further answering, the defendant admits that plaintiff's position is that the pre-existing condition exclusion is inapplicable to his circumstances, but defendant expressly denies said contention.

18.    This defendant denies the existence of "an immediate need for a judicial declaration" of the parties' rights, and denies any right on the part of the plaintiff to the declaratory relief which he seeks.

WHEREFORE, the defendant, Time Insurance Company f/k/a Fortis Insurance Company, denies that the plaintiff is entitled to any of the declaratory relief sought under Count I of his Complaint, or any other or further relief from the defendant; denies plaintiff's claimed

entitlement to his costs of suit; and prays for judgment in favor of this defendant and against plaintiff on Count I of plaintiff's Complaint.

This defendant demands trial by jury as to all contested issues of fact.

### Count II

1-16. This defendant here repeats and re-alleges its answers to paragraphs 1 through 16 of the Allegations Common to All Counts as its answers to paragraphs 1 through 16 of Count II of the plaintiff's Complaint as though fully set forth herein.

17. This defendant admits only to the existence of a contract of insurance between the defendant and the plaintiff, but further answering, states that said contract contains exceptions and exclusions to the coverage provided therein, including an exclusion of coverage for pre-existing conditions as defined in the plaintiff's Certificate of Medical Insurance.

18. This defendant denies the allegations set forth in paragraph 18 insofar as the claims submitted by the plaintiff were excluded from coverage pursuant to the provisions in plaintiff's Medical Certificate of Insurance pertaining to the pre-existing condition exclusion.

19. This defendant denies the allegations set forth in paragraph 19 and specifically denies having breached its contract with the plaintiff, and further denies any vexatious or unreasonable conduct on its part in declining the plaintiff's claims for benefits.

20. This defendant denies the allegations set forth in paragraph 20 and specifically denies any vexatious or unreasonable conduct on the part of the defendant in declining the plaintiff's claims for benefits.

WHEREFORE, the defendant, Time Insurance Company f/k/a Fortis Insurance Company, denies the plaintiff's claims for compensatory damages in any sum or amount from this defendant; denies plaintiff's claim for extra-contractual damages pursuant to 215 ILCS 5/155

from this defendant and any sum or amount; denies plaintiff's claimed entitlement to costs or attorneys' fees in any sum or amount; denies plaintiff's claimed entitlement to any other, further or different relief of any kind, sum, nature or amount from the defendant, and prays for judgment in favor of this defendant and against plaintiff on Count II of plaintiff's Complaint.

This defendant demands trial by jury as to all contested issues of fact.

## AFFIRMATIVE DEFENSES

NOW COMES the defendant, Time Insurance Company f/k/a Fortis Insurance Company, by and through its attorney, William G. Beatty; Johnson & Bell Ltd., of counsel, and for its affirmative defenses to the Complaint heretofore filed by the plaintiff, here states as follows:

### FIRST AFFIRMATIVE DEFENSE
(Pre-existing Condition Exclusion)

1.    The Certificate of Medical Insurance issued by the defendant to the plaintiff contains a limitation of coverage for pre-existing conditions which reads as follows:

> "We will not pay benefits for Covered Charges incurred due to a pre-existing condition until 12 months after Your effective date of coverage. After this 12-month period, benefits will be paid for a pre-existing condition on the same basis as any other condition unless the condition has been specifically excluded from coverage.
>
> A pre-existing illness (condition) means any condition that was diagnosed or treated (to include the taking of prescription drugs) by a Physician within 24 months prior to the effective date of coverage, or produced symptoms within 12 months prior to the effective date of coverage that would have caused an ordinarily prudent person to seek medical diagnosis or treatment."

2.    The effective date of coverage under the plaintiff's Certificate of Medical Insurance was January 15, 2005, meaning that the defendant is not obligated to pay benefits for any charges incurred during the first 12 months of the plaintiff's coverage under circumstances in which the charges were attributable to the treatment of a condition which produced symptoms

within the 12-month period prior to the plaintiff's effective date of coverage that would have caused an ordinarily prudent person to seek medical diagnosis or treatment.

3. Medical records regarding the plaintiff's chest pains and associated cardiac condition, for which he began receiving medical treatment less than one week after the commencement of his coverage, demonstrate that the plaintiff had similar episodes of chest pain during the three- to four-month period preceding his hospitalization, and that such chest pains were of the nature and frequency as would have caused an ordinarily prudent person to have sought medical diagnosis or treatment.

4. By reason of the foregoing, defendant determined that plaintiff's cardiac condition, for which he began receiving treatment on January 21, 2005 (according to plaintiff's Complaint), constituted a pre-existing condition within the meaning of the plaintiff's Medical Certificate, and thereby declined plaintiff's claims for benefits relative to the charges which he incurred in the care and treatment of said condition.

5. By reason of the foregoing, defendant is not liable for the payment of benefits which the plaintiff seeks, or to any other damages which the plaintiff claims in his Complaint.

WHEREFORE, the defendant, Time Insurance Company f/k/a Fortis Insurance Company, prays for judgment in its favor and against the plaintiff as to all counts of the plaintiff's Complaint, and for recovery of defendant's costs of suit.

This defendant demands trial by jury as to all contested issues of fact.

### SECOND AFFIRMATIVE DEFENSE
(Failure of a Condition Precedent)

1. As to plaintiff's claimed entitlement to contract damages, a condition precedent to the availability of such damages is the submission by the plaintiff to the defendant of a claim that

is not barred, limited or excluded by a contract limitation, exclusion or other provision affecting such claim as set forth in the plaintiff's Medical Certificate.

2. Plaintiff failed to submit such a claim to the defendant insofar as the claims which the plaintiff submitted were excluded from coverage by reason of the provisions in plaintiff's Certificate of Medical Insurance dealing with limitations or exclusions of coverage for pre-existing conditions.

3. The failure of the plaintiff to satisfy a necessary condition precedent as to any alleged contractual obligations on the part of the defendant excuses and nullifies any such obligations or any performance of the contract of insurance by the defendant to which the plaintiff claims he is entitled, as well as nullifying any damages associated with the alleged failure on the part of the defendant to perform the contract or to have allegedly breach its terms.

WHEREFORE, the defendant, Time Insurance Company f/k/a Fortis Insurance Company, prays for judgment in its favor and against the plaintiff as to all counts of the plaintiff's Complaint.

### THIRD AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

1. Plaintiff has an obligation to mitigate any damages which he claims to have sustained as a result of the defendant's denial of the plaintiff's claim for benefits under the terms of plaintiff's Certificate of Medical Insurance.

2. Plaintiff claims in his Complaint that as a result of the defendant's declination of benefits, he has become liable for the medical expenses which he incurred in the treatment of the condition which the defendant determined was pre-existing in nature and thereby excluded from coverage.

3.     Plaintiff has filed to mitigate his damages, however, by failing to negotiate with his healthcare providers for a reduction in the amount which plaintiff owes, and which the plaintiff now claims that the defendant owes in the form of benefits under plaintiff's Certificate of Medical Insurance.

WHEREFORE, the defendant, Time Insurance Company f/k/a Fortis Insurance Company, respectfully prays that any damages to which the plaintiff may be found entitled, all of which the defendant denies, be reduced by reason of the plaintiff's failure to mitigate his damages, to the extent of the plaintiff's failure to mitigate said damages.

## COUNTERCLAIM FOR DECLARATORY JUDGMENT

NOW COMES the defendant and counter-plaintiff, Time Insurance Company f/k/a Fortis Insurance Company, by and through its attorney, William G. Beatty; Johnson & Bell Ltd., of counsel, and for its counterclaim for declaratory judgment against plaintiff and counter-defendant, William Jarrett, here states as follows:

### Jurisdiction

1.     This Court has jurisdiction over this counterclaim for declaratory judgment pursuant to the provisions of 28 U.S.C. §§ 1332(a) and 2201(a) insofar as this case involves an actual controversy between citizens of different states wherein the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs.

### Venue

2.     Venue is proper in the United States District Court for the Central District of Illinois, Springfield Division, pursuant to the provisions of 28 U.S.C. § 1391(a) insofar as a substantial part of the events giving rise to this counterclaim occurred within this judicial district,

and the defendant and counter-plaintiff, Time Insurance Company f/k/a Fortis Insurance Company, is subject to personal jurisdiction within this judicial district.

### Parties

3.  The plaintiff and counter-defendant, William Jarrett, at all time herein relevant, was and is a citizen and resident of the State of Illinois, and seeks a sum in excess of $75,000, exclusive of interest and costs, in his Complaint against the defendant and counter-plaintiff.

4.  The defendant and counter-plaintiff, Time Insurance Company f/k/a Fortis Insurance Company, at all times herein relevant, was and is a corporation duly organized and existing under the laws of the State of Wisconsin, having its principal place of business in the State of Wisconsin, and seeks a declaratory judgment as to its rights under the Certificate of Medical Insurance which it issued to the plaintiff, under which the plaintiff seeks recovery from the defendant of a sum in excess of $75,000 exclusive of interest and costs.

### Statement of Claim Entitling the Defendant/Counter-Plaintiff to Declaratory Relief

5.  Pursuant to an application or Enrollment Form completed by the plaintiff and counter-defendant, William Jarrett, on or about December 10, 2004, the defendant and counter-plaintiff, Time Insurance Company f/k/a Fortis Insurance Company, issued to the plaintiff and to his spouse a Certificate of Medical Insurance having an effective coverage date of January 15, 2005. (True and correct copies of said Enrollment Form and Medical Certificate are attached as Exhibits A and B, respectively, to the plaintiff's Complaint in this matter).

6.  The aforementioned Medical Certificate, as issued by the defendant to the plaintiff, contains an express limitation of coverage as to pre-existing conditions, which reads, in pertinent part, that:

> "We will not pay benefits for Covered Charges incurred due to a pre-existing condition until 12 months after Your effective date of coverage. After this 12-

month period, benefits will be paid for a pre-existing condition on the same basis as any other condition unless the condition has been specifically excluded from coverage."

7. The term "pre-existing condition" is defined in the plaintiff's Medical Certificate as including "any condition that was diagnosed or treated (to include the taking of prescription drugs) by a Physician within 24 months prior to the effective date of coverage, or produced symptoms within 12 months prior to the effective date of coverage that would have caused an ordinarily prudent person to seek medical diagnosis or treatment."

8. By reason of the foregoing, a pre-existing condition, for which benefits are excluded, includes any condition for which charges are incurred during the first 12 months of the plaintiff's coverage which had produced symptoms within the 12-month period preceding the plaintiff's effective date of coverage (July 15, 2005) that would have caused an ordinarily prudent person to seek medical diagnosis or treatment.

9. On or about January 21, 2005, less than one week after the plaintiff's coverage commenced, plaintiff William Jarrett presented at the emergency room of St. John's Hospital in Springfield, Illinois complaining of chest pains radiating into his shoulders.

10. Following the performance of certain diagnostic tests, the chest pains were determined to be attributable to a condition of coronary artery disease (acute coronary syndrome) which was treated with three-vessel coronary artery bypass surgery.

11. A review of the plaintiff's medical records which were examined by the defendant in the course of its examination of the plaintiff's claims for benefits associated with the aforementioned treatment demonstrated that the chest pains that the plaintiff complained of at the time of his January 21, 2005 hospitalization had been occurring in similar episodes during the

three- to four-month period preceding the plaintiff's hospitalization, and likewise preceding the plaintiff's effective date of coverage.

12. Specifically, the plaintiff's attending physician, Mathew Kallookulangara, M.D., took a history from the plaintiff on January 21, 2005 wherein the plaintiff stated that the chest pains he was experiencing at that time had occurred in similar episodes during the past three to four months.

13. Likewise, the plaintiff's consulting physician, Marc E. Shelton, M.D., took a history from the plaintiff on January 22, 2005 wherein the plaintiff related that the chest pains radiating into his shoulder had been experienced by the plaintiff intermittently during the preceding three to four months.

14. Likewise, the plaintiff's cardiologist, William Pyle, M.D., took a history from the plaintiff on January 22, 2005 wherein the plaintiff also reported chest pains radiating into his shoulders for several months.

15. Based upon the information set forth in the plaintiff's medical records, and specifically based upon the history given by the plaintiff himself to his treating physicians, it was determined that the plaintiff's condition of coronary artery disease, as demonstrated from the plaintiff's symptoms, constituted a pre-existing condition for which no benefits were available.

16. Plaintiff and counter-defendant, William Jarrett, has denied that the medical bills which he incurred, and for which he seeks benefits from the defendant, were attributable to a pre-existing condition.

17. By reason of the foregoing, an actual case in controversy thereby exists between the parties for which the defendant and counter-plaintiff, Time Insurance Company f/k/a Fortis Insurance Company, seeks declaratory and other relief.

WHEREFORE, the defendant and counter-plaintiff, Time Insurance Company f/k/a Fortis Insurance Company, respectfully prays that this Honorable Court declare and adjudge as follows:

A.   That the pre-existing condition exclusion is applicable to the facts and circumstances of the plaintiff's claims;

B.   That the plaintiff's condition of coronary artery disease constitutes a pre-existing condition within the meaning of the Certificate of Medical Insurance in question;

C.   That by reason of the operation of the pre-existing condition exclusion, and its application to the facts and circumstances of this case, defendant and counter-plaintiff is not liable for any of the benefits or damages being claimed by the plaintiff in his Complaint;

D.   That the conduct of the defendant and counter-plaintiff in dealing with the plaintiff's claim for benefits was not vexatious or unreasonable;

E.   That defendant and counter-plaintiff is not liable to the plaintiff and counter-defendant for any compensatory damages, punitive damages, costs, attorneys' fees or any other relief;

F.   That the plaintiff and counter-defendant is not entitled to the declaratory relief which he seeks in his Complaint;

G.   That the defendant and counter-plaintiff is entitled to the declaratory relief it seeks in its counterclaim;

H.   That the defendant and counter-plaintiff is entitled to judgment in its favor and against the plaintiff and counter-defendant as to both the plaintiff's Complaint and the defendant's counterclaim; and

I.   That the defendant and counter-plaintiff is entitled to recovery of its costs of suit.

Defendant and counter-plaintiff demands trial by jury as to all contested issues of fact.

Respectfully submitted,

**s/ William G. Beatty**
William G. Beatty Bar Number: 03121542
Attorney for Defendant and Counter-Plaintiff
  Time Insurance Company f/k/a
  Fortis Insurance Company
Of counsel
Johnson & Bell, Ltd.
33 West Monroe Street, Suite 2700
Chicago, IL 60603
Telephone: (312) 372-0770
Fax: (312) 372-2881
E-mail: beattyw@jbltd.com

## CERTIFICATE OF SERVICE

    I hereby certify that on August 17, 2006, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

                                        **s/ William G. Beatty**
                                        William G. Beatty Bar Number: 03121542
                                        Attorney for Defendant and Counter-Plaintiff
                                            Time Insurance Company f/k/a
                                            Fortis Insurance Company
                                        Of counsel
                                        Johnson & Bell, Ltd.
                                        33 West Monroe Street, Suite 2700
                                      Chicago, IL 60603
                                      Telephone: (312) 372-0770
                                      Fax: (312) 372-2881
                                      E-mail: beattyw@jbltd.com