E-FILED
Tuesday, 17 July, 2007  02:07:14 PM
Clerk, U.S. District Court, ILCD

WGB/lmm/#1668032                                                     6975-06008

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| WILLIAM JARRETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 3:06-cv-03143-RM-BGC |
| ) | |
| FORTIS INSURANCE COMPANY, ) | Judge Richard Mills |
| ) | Magistrate Judge Byron G. Cudmore |
| Defendant. ) | |

### REPLY BRIEF IN SUPPORT OF THE MOTION OF DEFENDANT, FORTIS INSURANCE COMPANY, FOR SUMMARY JUDGMENT

NOW COMES the defendant, FORTIS INSURANCE COMPANY (now known as Time Insurance Company, but for the sake of continuity with prior pleadings will herein be referred to as "Fortis"), by and through its attorney, William G. Beatty; Johnson & Bell Ltd., of counsel, and for its reply brief in further support of its Motion for Summary Judgment submitted pursuant to the provisions of F.R.C.P. 56, Local Rule 7.1(D)(3) of the United States District Court for the Central District of Illinois, here states as follows:

A.  **Defendant's reply to plaintiff's statement of "additional material facts" as set forth in Section (b)(4) of plaintiff's response brief.**

1.  Immaterial. The fact that the plaintiff had coverage with another health insurer at the time that he applied for coverage with Fortis, and claims that he was not actually seeking other coverage, is immaterial to the issue of whether the plaintiff's cardiac condition was preexisting within the meaning of his coverage with Fortis.

2.  Immaterial. There are no allegations of agent misconduct in this case and the role of the person who sold to the plaintiff his coverage with Fortis (*i.e.* either  as a broker acting on

behalf of the plaintiff or as an agent acting on behalf of the defendant) is immaterial to the issues in this case.

3. Conceded, with the exception of the three- to four-month period prior to the plaintiff's January 21, 2005 hospitalization during which the plaintiff experienced episodes of chest pains as documented in his medical history and as reflected in his medical records, the accuracy of which the plaintiff admitted in his deposition.

4. Conceded.

5. Material, but disputed only to the extent that the emergency department report marked as Exhibit B to the plaintiff's response brief states that plaintiff reported that the intermittent chest pains that he had been experiencing "got significantly worse" on the day of his admission to the hospital, indicating a change in the degree of the pain, rather than the type or nature of the pain.

6. Immaterial. Defendant is not relying upon any prior episodes of "severe nausea and vomiting" as evidence of the plaintiff's preexisting cardiac condition.

7. Conceded.

8. Immaterial. Fortis is not relying on the "prior diagnosis or treatment" criteria for its defense based upon the preexisting nature of the plaintiff's cardiac condition, but rather upon the "symptoms" criteria as set forth in the second half of the Certificate's definition of "preexisting condition."

9. Immaterial. Plaintiff's subjective opinion of whether his past episodes of chest pain were related to a heart problem or not is immaterial to the preexisting condition analysis which utilizes an objective standard, and depends upon the presence of symptoms and the application of the "ordinarily prudent person" standard.

10. Immaterial since defendant's declination of benefits was not based upon any misrepresentations of the plaintiff in his enrollment form, but instead was based upon admitted symptoms of his cardiac condition, regardless of the absence of any prior diagnosis, consultation or treatment of said condition.

11. Conceded.

12. Conceded.

13. Conceded.

14. Conceded.

15. Conceded.

16. Conceded.

**B.    Argument.**

In the opening sentence of the "Argument" section of his response brief, plaintiff candidly concedes the preexisting nature of his cardiac condition, admitting that it would be disingenuous of him to contend that his heart problem did not predate his coverage in this case. In fact, in Section (b)(1) of his response brief, plaintiff has conceded, either expressly or impliedly, to virtually all of the undisputed material facts set forth in Fortis' Motion for Summary Judgment, including those relating to the plaintiff's pre-coverage history of chest pains and other symptoms relating to his preexisting cardiac condition. Such symptoms were reflected in the plaintiff's medical records which plaintiff acknowledged as genuine and accurate at his deposition.

As plaintiff further points out in his reply brief, the only issue therefore remaining is whether the uncontroverted medical facts, as set forth in plaintiff's medical records (the accuracy of which, again, the plaintiff admitted in his deposition), demonstrates that the plaintiff's

preexisting cardiac condition "produced symptoms within 12 months prior to the effective date of coverage that would have caused an ordinarily prudent person to seek medical diagnosis or treatment." This is the second of two separate and independent criteria for the determination of a "preexisting condition," as said exclusion is defined in the Certificate of Insurance issued by Fortis to the plaintiff.

On this issue, only one competent and qualified medical opinion has been proffered to the Court by either party: that found in the uncontroverted Affidavit of Raymond Scott Brumbley, M.D., who reviewed the plaintiff's medical records from St. John's Hospital, as well as the records of the plaintiff's cardiologist and heart surgeon. All of the aforementioned records, which set forth in detail the plaintiff's medical history as related by Mr. Jarrett to his doctors upon his admission to the hospital, show a three- to four-month history of anterior chest pain, radiating into his left shoulder, usually accompanied by shortness of breath. Accordingly to Dr. Brumblay, the nature and duration of these symptoms, coupled with the plaintiff's age (52), his physical condition (described as "obese" and "hypertensive" in the medical records), along with a family history of myocardial infarctions (plaintiff's father at age 62, plaintiff's brother at age 55), "would have caused an ordinarily prudent person to seek medical diagnosis or treatment." (*See* paragraph 23 of Dr. Brumblay's affidavit).

Instead of tendering a counter-affidavit, or the deposition testimony of an opposing medical expert (of which there have been none disclosed by the plaintiff in this case), plaintiff seeks to avoid summary judgment by arguing that a question of fact remains as to whether the symptoms that his cardiac condition produced during the months preceding his coverage were such as "would have caused an ordinarily prudent person to seek medical diagnosis or treatment." In support of his argument, plaintiff contends that in contrast to Dr. Brumblay,

whose uncontroverted affidavit clearly demonstrates that the aforementioned tests for demonstrating a preexisting condition has been satisfied, Mr. Jarrett says that he "is a mechanic who believed that the pains which he suffered prior to his admission to the hospital were nothing out of the ordinary and resulted from heavy lifting as part of his employment." (*See* page 9 of plaintiff's response brief).

Such an argument, however, is merely an attempt to substitute a <u>subjective</u> standard (*i.e.* the plaintiff's own alleged assessment of the cause of his symptoms) for the <u>objective</u> standard (*i.e.* the "ordinarily prudent person" standard) set forth in the plaintiff's Certificate of Insurance, which the defendant respectfully asks the Court to consider in determining the defendant's entitlement to summary judgment in this case.

Further, plaintiff appears to criticize Fortis for not obtaining his prior medical records or for not requiring a physical examination of Mr. Jarrett so as to exercise, as plaintiff puts it, "due diligence in ascertaining its risk" in issuing coverage to the plaintiff. (*See* page 8 of plaintiff's response brief).

Plaintiff's argument ignores the fact that Illinois law imposes no such duty upon an insurer. (*See* <u>Garde v. Inter-Ocean Ins. Co.</u>, 842 F.2d 175, 178 (7th Cir. 1988); <u>Apolskis v. Concord Life Ins. Co.</u>, 445 F.2d 31, 35 (7th Cir. 1971); <u>New England Mut. Life Ins. Co. v. Bank of Illinois DuPage</u>, 994 F.Supp. 970, 977 (N.D. Ill. 1998); <u>Commercial Life Ins. Co. v. Lone Star Life Ins. Co.</u>, 727 F.Supp. 467, 471 (N.D. Ill. 1989)).

Moreover, even if Fortis had attempted to obtain the plaintiff's medical records, there were none to be had, since plaintiff himself admits that he "had not seen a physician since at least 1998 . . ." (plaintiff's statement of additional material facts, paragraph 3), which is seven years prior the plaintiff's effective date of coverage.

Plaintiff also appears to make a passing challenge to Dr. Brumblay's credibility, stating that "Dr. Brumblay has been employed by the insurance industry for the past (15) years." (*See* page 9 of plaintiff's response brief).

The Seventh Circuit, however, has consistently rejected implications of bias on the part of in-house physicians, absent evidence that the doctor "had an specific incentive to derail [plaintiff's] claim." *See* Davis v. Unum Life Ins. Co. of America, 444 F.3d 569, 575 (7th Cir. 2006); Leipzig v. AIG Life Ins. Co., 362 F.3d 406, 409 (7th Cir. 2004); Perlman v. Swiss Bank Corp. Comprehensive Disability Protection Plan, 195 F.3d 975, 981 (7th Cir. 1999).

Next, plaintiff contends that Fortis' Motion for Summary Judgment on plaintiff's claim for extra-contractual damages somehow "is not ripe." (*See* page 9 of plaintiff's response brief).

It is clear, however, that if Fortis is entitled to summary judgment on plaintiff's claims for declaratory and compensatory damages relief under the plaintiff's breach of contract claim, due to the preexisting nature of the plaintiff's cardiac condition within the meaning of the plaintiff's Certificate of Insurance, then Fortis would, *a fortiori*, be entitled to summary judgment on plaintiff's claim that Fortis' denial of plaintiff's benefits was somehow "vexatious or unreasonable" within the meaning of the Illinois Insurance Code's provisions for extra-contractual damages. (*See* Liberty Mutual Ins. Co. v. American Home Assurance Co., Inc., 368 Ill.App.3d 948, 858 N.E.2d 530 (2006) (affirming summary judgment in favor of the insurer on plaintiff's Section 155 claim for extra-contractual damages where summary judgment had been granted to the insurer on its invocation of a coverage exclusion in the policy).

Lastly, as to Fortis' Counterclaim for Declaratory Relief, wherein Fortis asks the Court to determine and declare the preexisting nature of plaintiff's cardiac condition, the same undisputed facts and uncontested affidavit that support Fortis' Motion for Summary Judgment on plaintiff's

claims likewise provide a basis for summary judgment in favor of Fortis on its request for declaratory relief.

WHEREFORE, the defendant, FORTIS INSURANCE COMPANY (now known as Time Insurance Company), respectfully prays for the entry of an order granting summary judgment in favor of said defendant and against the plaintiff on the plaintiff's Complaint, and on the defendant's Counterclaim for Declaratory Judgment.

                                Respectfully submitted,

**s/ William G. Beatty**
William G. Beatty Bar Number: 03121542
Attorney for Defendant and Counter-Plaintiff
   Fortis Insurance Company n/k/a
   Time Insurance Company
Of counsel
Johnson & Bell, Ltd.
33 West Monroe Street, Suite 2700
Chicago, IL 60603
Telephone: (312) 372-0770
Fax: (312) 372-2881
E-mail: beattyw@jbltd.com

## CERTIFICATE OF SERVICE

    I hereby certify that on July 17, 2007, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

                                     **s/ William G. Beatty**
                                       William G. Beatty Bar Number: 03121542
                                       Attorney for Defendant and Counter-Plaintiff
                                           Fortis Insurance Company n/k/a
                                           Time Insurance Company
                                       Of counsel
                                       Johnson & Bell, Ltd.
                                       33 West Monroe Street, Suite 2700
                                       Chicago, IL 60603
                                       Telephone: (312) 372-0770
                                       Fax: (312) 372-2881
                                       E-mail: beattyw@jbltd.com