# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | |
|---|---|
| WILLIAM JARRETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 06-3143 |
| | ) |
| FORTIS INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

## OPINION

RICHARD MILLS, U.S. District Judge:

Defendant Fortis insurance Company ("Fortis")[1] moves for summary judgment regarding its liability under an insurance policy issued to Plaintiff William Jarrett ("Jarrett"). The sole question before the Court is whether Jarrett has presented sufficient evidence to allow any reasonable jury to conclude that his symptoms of coronary artery disease would not have led an ordinarily, prudent person to seek medical treatment or diagnosis.

---

[1] Fortis is now known as Time Insurance Company. Nevertheless, for the sake of consistency, the company will continue to be referred to as "Fortis" throughout this opinion.

# FACTS

For a period of three to four months in late 2004, Jarrett experienced episodes of pain in his chest and left shoulder following exertion. On occasion, the chest pains were accompanied by shortness of breath. Nevertheless, despite a family history of heart disease and an ongoing weight problem, the fifty-two year old Jarrett attributed the pains solely to work-related lifting and never consulted a doctor.

In December of 2004, Jarrett applied for health insurance coverage and received a Certificate of Health Insurance ("Certificate") from Fortis. The Certificate contained a coverage exception for preexisting conditions defined as "any condition that was diagnosed or treated . . . by a physician . . . or produced symptoms within 12 months prior to the effective date of coverage that would have caused an ordinarily prudent person to seek medical diagnosis or treatment." The Certificate's coverage went into effect on January 15, 2005.

Less than a week later, on January 21, 2005, Jarrett was in an emergency room complaining of increased chest pains, as well as a tugging

sensation in his chest, shortness of breath, pain radiating into his left arm and shoulder, and a tingling sensation in his left hand. Diagnosed with coronary artery disease, Jarrett underwent triple bypass surgery.

Relying on the preexisting conditions exception, Fortis refused to provide coverage for Jarrett's treatment. Jarrett responded by filing the present action in state court, seeking declaratory relief, recovery for breach of contract, and attorneys fees and other penalties under Illinois law. Fortis removed the case to federal court and now moves for summary judgment on Jarrett's claims.

## APPLICABLE STANDARDS

"Summary judgment is proper when 'there is no genuine issue as to any material fact and . . . the [movant] is entitled to a judgment as a matter of law.'" *Kannapien v. Quaker Oats Co.*, 507 F.3d 629, 635 (7th Cir. 2007) (quoting Fed. R. Civ. P. 56(c)). "On summary judgment a court may not make credibility determinations, weigh the evidence, or decide which inferences to draw from the facts . . . ." *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003) (citations omitted). Rather, "[t]he court must construe all

3

facts and reasonable inferences in favor of the nonmoving party." *Dorsey v. Morgan Stanley*, 507 F.3d 624, 627 (7th Cir. 2007) (citing *South v. Ill. EPA*, 495 F.3d 747, 751 (7th Cir. 2007)). "However, 'inferences that are supported by only speculation or conjecture will not defeat a summary judgment motion.'" *Id.* (citing *McDonald v. Vill. of Winnetka*, 371 F.3d 992, 1001 (7th Cir. 2004)).

"To survive a motion for summary judgment, a nonmoving party must present credible evidence on all matters upon which he bears the burden of proof at trial." *Boyce v. Moore*, 314 F.3d 884, 889 (7th Cir. 2002) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). "Summary judgment is not appropriate 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Payne*, 337 F.3d at 770 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)).

## ANALYSIS

"Under Illinois law, the interpretation of an insurance policy . . . presents questions of law that are appropriately resolved by summary

judgment." *Ind. Ins. Co. v. Pana Comm. Unit Sch. Dist. No. 8*, 173 F. Supp. 2d 835, 840 (C.D. Ill. 2001). "It is well established in Illinois insurance law that the insured bears the burden of establishing that a claim falls within the terms of a policy." *Addison Ins. Co. v. Fay*, 376 Ill. App. 3d 85, 88, 314 Ill. Dec. 680, 683, 875 N.E.2d 190, 193 (Ill. App. Ct. 2007) (citing *Waste Mgmt., Inc. v. Int'l Surplus Lines Ins. Co.*, 144 Ill.2d 178, 161 Ill. Dec. 774, 579 N.E.2d 322 (1991)). "However, once there is such proof, the burden is on the insurer to prove that the loss was limited or excluded by a provision of the contract." *Id.* (citing *Farmers Auto. Ins. Ass'n v. Gitelston*, 344 Ill. App. 3d 888, 896, 280 Ill. Dec. 119, 801 N.E.2d 1064 (Ill. App. Ct. 2003)).

Though the parties contest whether the Certificate's preexisting condition exception applies, they do not argue that the language is ambiguous. *See Golden Rule Ins. Co. v. Atallah*, 45 F.3d 512, 517-18 (1st Cir. 1995) (construing nearly identical policy language and finding no ambiguity). Nor do the parties suggest that Jarrett's chest pains were caused by anything other than heart disease. *See Madsen v. Fortis Benefits*

*Ins. Co.*, 2006 WL 3771803, *4 n.12 (D. Ariz. Dec. 21, 2006) (refusing to address issue of whether symptoms would have caused an ordinarily prudent person to seek diagnosis or treatment because a genuine issue of material fact existed as to whether the symptoms were even caused by the allegedly preexisting disease). Rather, the determinative question is whether, based on the evidence presented, any reasonable jury could find that an ordinarily prudent person with Jarrett's symptoms would not have sought medical diagnosis or treatment.[2]

---

[2] While the application of this objective standard will often fall within the province of the fact-finder, courts have not hesitated in granting summary judgment where none of the underlying facts are in dispute and the standard is met as a matter of law. *See Dunham v. Fortis*, 2005 WL 1838522, *1, 3, 5 (E.D. Mich. Aug. 2, 2005) (applying California law and concluding that symptoms of vertigo and loss of hearing were, as a matter of law, severe enough to cause an ordinarily prudent person to have sought medical diagnosis or treatment); *Chandler v. John Alden Life Ins. Co.*, 2005 WL 165389, *1-2, 5 (D.N.H. Jan. 26, 2005) (applying New Hampshire law and concluding, as a matter of law, that an architectural distortion on a mammogram was a sign or symptom that "should have caused an ordinarily prudent person to seek diagnosis or treatment"); *Trapani v. Maxicare La., Inc.*, 1993 WL 184100, *1 (E.D. La. May 26, 1993) (dizziness and fatigue were, as a matter of law, symptoms that would have caused an ordinarily prudent person to seek diagnosis or treatment); *see also Golden Rule Ins. Co. v. Atallah*, 45 F.3d 512, 519 (1st Cir. 1995) (overturning a jury verdict because reclusive

(continued...)

Arguing that judgment as a matter of law is mandated, Fortis offers the affidavit of Doctor Raymond Scott Brumblay ("Brumblay"). Based on his review of Jarrett's medical files, including Jarrett's reports of chest pains, his obesity, and his family history of heart disease, Brumblay concludes that an ordinarily prudent person with Jarrett's symptoms would have sought diagnosis or treatment. *See Chandler v. John Alden Life Ins. Co.*, 2005 WL 165389, *4 (D.N.H. Jan. 26, 2005) (unpublished) (construing nearly identical contract language and concluding that a prudent person would seek medical diagnosis based, in part, on doctor's testimony); *Trapani v. Maxicare La., Inc.*, 1993 WL 184100, *1 (E.D. La. May 26, 1993) (unpublished) (same).

Jarrett attacks Brumblay's opinion by suggesting bias but fails to offer any medical affidavits in opposition. Further, he does not dispute the underlying facts: that he suffered from chest and shoulder pains for a number of months following exertion, that he had a family history of

---

[2](...continued)
behavior, impaired judgment, and severe depression would have led a reasonably prudent person to seek medical treatment as a matter of law).

7

cardiac disease, and that he is overweight. Nor does Jarrett offer any other evidence suggesting that a prudent person suffering from chest pains would refrain from consulting a doctor. Rather, his evidence consists of a reiteration of his admittedly erroneous self-diagnosis that attributed the pains to work-related lifting. Such evidence, however, relates to Jarrett's subjective beliefs concerning the propriety of seeking medical consultation, whereas the standard at issue presents an objective test. Thus, none of Jarrett's record evidence suggests that *a prudent person* who is overweight, has a family history of heart disease, and who is suffering from chest pains would fail to consult a doctor; rather, his evidence merely explains why *he* did not consult a doctor. Simply put, even if a jury believed all of Jarrett's evidence (i.e., that he actually believed that his pre-coverage chest pains were work-related and that Brumblay's report was biased), it would still have no basis for reasonably concluding that an ordinarily prudent person in Jarrett's position would not have consulted a doctor. Given this dearth of evidentiary support regarding an issue on which Jarrett bears the initial burden of proof (i.e., policy coverage), no reasonable jury could find in his

8

favor.³ Therefore, Fortis cannot be held liable for the medical bills incurred in treating Jarrett's coronary artery disease.⁴

## CONCLUSION

For the reasons stated above, Fortis' Motion for Summary Judgment (d/e 9) is GRANTED.

IT IS SO ORDERED.

ENTERED: January 8, 2008

FOR THE COURT: /s Judge Richard Mills
United States District Judge

---

³In addition to his claims for contractual and declaratory relief, Jarrett also requests fees and penalties under 215 Ill. Comp. Stat 5/155. However, since denial of coverage was proper, relief under this provision is unavailable. *Martin v. Ill. Farmers Ins.*, 318 Ill. App. 3d 751, 764, 252 Ill. Dec. 310, 319-20, 742 N.E.2d 848, 857-58 (Ill. App. Ct. 2000). Fortis' request for attorneys' fees is also denied.

⁴Jarrett also argues that Fortis should cover his medical expenses regardless of the contract language, because the company failed to investigate his health records. Insurance companies, however, have no such duty to investigate. *New England Mut. Life Ins. Co. v. Bank of Ill. in DuPage*, 994 F. Supp. 970, 977 (N.D. Ill. 1998).